PD-0792-15

PD-0792-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/8/2015 12:44:08 PM
Accepted 7/9/2015 4:18:55 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

SHAUN RAY MULLINAX,

Appellant

FILED IN
COURT OF CRIMINAL APPEALS

vs.

July 9, 2015

THE STATE OF TEXAS,

ABEL ACOSTA, CLERK

Appellee

*APPELLANT'S CORRECTED PETITION FOR DISCRETIONARY REVIEW*

On Appeal No. 02-14-00237-CR
From the
Court of Appeals for the
Second Judicial District
at Fort Worth, Texas

Robert Sirianni, Esq.
*Counsel of Record*
Law Office of Robert L. Sirianni, Jr.
200 North New York Avenue
Suite 201
Winter Park, Florida 32789
(407) 388-1900
*Counsel for Petitioner*

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................. ii

STATEMENT REGARDING ORAL ARGUMENT ..........................................2

STATEMENT OF INTERESTED PARTIES ............................................2

EXHIBITS/APPELLATE COURT OPNINION.........................................2

STATEMENT OF THE CASE ..........................................................2

STATEMENT OF PROCEDURAL HISTORY ....................................................6

GROUND FOR REVIEW NUMBER ONE........................................................7

      THE COURT OF APPEALS ERRED IN HOLDING THAT THE
      APPELLANT FAILED TO TIMELY OBJECT TO THE
      COURT'S FAILURE TO PROVIDE TESTIMONY TO THE
      JURY AS REQUESTED.

PRAYER FOR RELIEF.........................................................................9

CERTIFICATE OF SERVICE ........................................................ 10

APPENDIX  [Opinion] ..................................................................... 11

i

# INDEX OF AUTHORITIES

CASES:

*Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993)......................................8

*Blue v. State*, 41 S.W.3d 129, 131 (Tex.Crim.App. 2000) ...................................8

TEXAS RULES OF APPELLATE PROCEDURE

    Rule 66.3(b)......................................................................................7

TEXAS RULES OF EVIDENCE

    Rule 103 (d)......................................................................................8

UNITED STATES CONSTITUTION

    AMENDMENT V, VI..........................................................................8

TEXAS CONSTITUTION

    Article I, Section 10, 13 .....................................................................8

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

*SHAUN RAY MULLINAX,*
              Appellant

vs.

*THE STATE OF TEXAS,*
              Appellee

_____

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS**:

Appellant, SHAWN MULLINAX, respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING INTERESTED PARTIES

Pursuant to Rule 68.4(a), the following parties are notices by this Petition:

1. Trial Court Judge: The Honorable John H. Fostel

2. Prosecutor: Greg Lowery

3. Trial Counsel for Defendant: Jerry Cobb

## EXHIBITS IN SUPPORT OF THIS PEITTION

Pursuant to Rule 68.4(J), the following Opinion of the Court of Appeals is attached: Opinion, Court of Appeals, No. 02-14-00237-CR, dated May 28, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant does not request oral argument in this case.

## STATEMENT OF THE CASE

On November 8, 2012, Z. M., a sixth grader, approached his school counselor and reported that his father became angry and struck him after he failed to do the dishes. RR. Vol. 2 at 104. The incident occurred the prior evening, after Z. M. had returned from football practice. *Id*. at 116. Z. M. played linebacker, as well as on the offensive and defensive line, and on several occasions returned from practice with bruises on his forearms. *Id*. at 174-75, 206.

The school counselor observed that Z. M. had bruises on his left arm and a

bump on his head, but did not testify as to whether or not those injuries could have been sustained during football practice. *Id.* at 93. Z. M. called his mother, who was divorced from Mr. Mullinax. *Id.* at 132, 149. His mother drove from Floresville, retrieved Z. M., and took him the Wise County Sheriff's Office to file a report. *Id.* at 135-36.

On direct examination, Z. M. testified about a number of different uncharged and unsubstantiated instances where his father abused him, including one incident where his father pushed him on the bed, wrapped his hands around his neck, and threatened to strangle him. RR. Vo. 2 at 108-12. Z. M. testified that his father would punch him once a month. *Id.* at 109. Z. M. also testified that he feared he would be seriously hurt or killed as a result of these uncharged acts. *Id.* at 111. Z. M. admitted on cross-examination that he never reported these instances, and no other witness substantiated his testimony regarding these uncharged allegations of prior abuse. *Id.* at 114, 117.

Z. M. testified that on the evening in question Mr. Mullinax struck him on the arm and the head. *Id.* at 107. The defense also introduced a recording of a telephone conversation where Mr. Mullinax offered a general apology to his son. *Id.* at 140. Mr. Mullinax did not specify in his apology what he did wrong. *See id.* at 209.

Mr. Mullinax testified in his defense. He denied ever abusing, hitting, or

strangling his son on any occasion. *Id*. at 209. He admitted that he had disciplined his son with a belt and spanked him. *Id.* at 201. He also admitted that he disciplined his son on the night in question; however, he explained that he did so because Z. M. had lied to him about having done his homework and cleaned the dishes. *Id*. at 206.

Mr. Mullinax testified that there was no way he could have struck his son on his left arm because, since Mr. Mullinax was left-handed, any injury would have been sustained on Z. M.'s right arm. *Id*. at 204. Mr. Mullinax testified that he apologized to his son for the emotional distress the situation had caused, not because Mr. Mullinax had inflicted any physical injury on his son. *Id*. at 209.

On cross-examination, counsel for the State asked Mr. Mullinax whether he had been convicted of arson. *Id.* at 211. Mr. Mullinax admitted that he had. *Id.* Counsel for the State asked Mr. Mullinax whether he had been sentenced to two years of incarceration for violating his probation on that offense. *Id*. Mr. Mullinax admitted that he had. *Id.* Counsel for the State then asked Mr. Mullinax whether he had ever smoked marijuana. Mr. Mullinax admitted that he had. *Id*. at 215. Counsel for the State inquired as to whether smoking marijuana was one of the reasons that Mr. Mullinax had his probation revoked and was sent to the penitentiary. *Id*. Mr. Mullinax admitted that it was. *Id.*

On recross-examination, counsel for the State again raised Mr. Mullinax's conviction for arson, though the subject never arose on redirect-examination, and elicited testimony regarding the actual circumstances that led to his arrest and prosecution. *Id*. at 216. Defense counsel did not object to any of the references of prior bad act evidence introduced by the State. Because there was no objection, the evidentiary basis for introducing the extraneous prior bad acts was unclear. However, in its pretrial notice, the State explained that it intended to introduce the prior bad act evidence to show that "the character and reputation for being truthful, law abiding, and peaceful of Shaun Ray Mullinax . . . are bad." CR. at 19.

During rebuttal arguments, the State highlighted the prior bad acts, and implored the jury to consider the fact that Mr. Mullinax was a convicted felon: "Do you believe a convicted felon who's got a lot to lose, or do you believe Z. M.?" RR. Vol. 3 at 16. The State also highlighted the other prior instances where Mr. Mullinax purportedly struck his son: "But it's not an isolated incident. It's not happened just once. It rose to the level that Z. M. was fearful of his life." *Id.* at 17.

The State then sought to shift the burden of proof by arguing that, to find Mr. Mullinax not guilty, the jury would have to disbelieve the witnesses for the State:

> If you were to find him not guilty, you're saying that Mr. Bates was
> mistaken or being untruthful when he said the Defendant called him and
> he said, I'm glad Z. M. had somebody to talk to so this would stop.

Officer Golden, Deputy Reynolds -- Investigator Reynolds, they both believed that an offense has happened. CPS -- CPS would be wrong, law enforcement is wrong, the D.A.'s office is wrong, we're all wrong.

*Id*.

Then, the State argued that Mr. Mullinax should be convicted because finding him innocent would place Z. M. in danger:

> You're Z. M.'s safety net. You're his last hope to keep him from going back to his dad. His dad's fighting like the dickens to get him. You're Z. M.'s hope. Please don't let him down and find the Defendant guilty. Thank you.

*Id*. at 18. Defense counsel did not object to these comments.

In the jury charge, the trial court instructed the jury to only consider testimony regarding other prior offenses "in determining the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child, if any, in connection with the offenses, if any, alleged in the indictment in this case, and for no other purpose." CR. at 33.

The trial court sentenced Mullinax in accordance with jury's recommendation during the punishment phase. *Id.* at 28-29. This timely appeal follows.

The issues presented are: (1) whether the Court of Appeals failed to conduct a meaningful legal sufficiency analysis; and (2) whether the Court of Appeals erred in holding that one of the issues raised on appeal was not preserved for appellate review because the Appellant failed to voice a timely objection.

6

## STATEMENT OF PROCEDURAL HISTORY

On May 28, 2015, the Court of Appeals for the Second District entered an opinion in Case No. 02-14-00237-CR, denying Appellant's appeal. No motion for rehearing was filed. This Petition for Discretionary Review was timely filed with the Court of Criminal Appeals by placing such Petition in the United States Mail on June 26, 2015

## GROUND FOR REVIEW NUMBER ONE

**THE COURT OF APPEALS ERRED IN HOLDING THAT ISSUE TWO RAISED BY THE APPELLANT WAS NOT PRESERVED FOR APPELLATE REVIEW.**

The Appellant would submit that the Court of Appeals has decided an important question of state law in conflict with the applicable decisions of this Court and, accordingly, this Court should grant review of the case. *See* Rule 66.3(b), Texas Rules of Appellate Procedure. More specifically, the Appellant would urge that the Court of Appeals erred in holding that the issues raised on appeal was not preserved for appellate review.

In the Court of Appeals the Appellant argued that reversible error was committed when the trial court allowed two prior bad acts to come into evidence during the proceedings below based on the rules of criminal procedure. Such admission of prior bad acts was harmful because it deprived the Appellant of due

7

process and a fundamentally fair trial.

The Court of Appeals overruled this issue by stating the Appellant did not did not object or file a motion for new trial based on the prior bad acts. (Opinion 6).

Errors may be raised for the first time on appeal if the complaint is that the trial court disregarded an absolute or systemic requirement, *Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App. 1993).

Appellant submits that the two prior bad acts in question did not require an absolute objection under the code of criminal procedure. Appellant contends that his due process rights were violated under the Fifth and Sixth Amendment to the United States Constitution as applied to the states under the Fourteenth amendment and his right to a fair trial and due course of law under articles 1 section 10 and 13 of the Texas Constitution.

Although, there was no objection made by trial counsel below, the Appellant contends that his fundamental due processes were denied. The State presented evidence of a prior arson and cannabis charge that are unrelated to the current underlying crime; this fundamental error necessitating no objection for

8

preservation. Relying upon Texas Rule of Evidence 103(d), this Court of Criminal Appeals explained in *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000), that Courts are authorized to "tak[e] notice of fundamental errors affecting substantial fights although they were not brought to the attention of the court." *Id*. Furthermore, as this Court previously stated,

> "Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system. A principle characteristic of these rights is that they cannot be forfeited. That is to say, they are not extinguished by inaction alone. Instead, if a defendant wants to relinquish one or more of them, he must do so expressly." (Internal citations omitted) (*Id*).

This error was pervasive in the trial because the two prior crimes were 10 years or older; had no nexus to the current charges; and prejudiced the adjudicatory process due to the constant reminder by the prosecution during closing argument.

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Dated: July 6, 2015

Respectfully submitted,

/s/*Robert L. Sirianni, Jr.*___
ROBERT SIRIANNI, JR, Esquire
Texas Bar Number 24086378
*Counsel of Record*
201 North New York Avenue
Suite 200
Winter Park, Florida 32789
(407) 388-1900
Robert@brownstonelaw.com

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(1) because its computer generated word count is 1,765. Further, this brief complies with the type-face and type-style requirements of Texas Rule of Appellate Procedure 9.4 because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2007 in 14-point Times New Roman Font.

*/s/ Robert L. Sirianni, Jr.*_____
Robert L. Sirianni, Jr., Esquire

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 6th, 2015, a true and correct copy of the foregoing Petition for Discretionary Review has been mailed by United States mail to the following: the Office of Greg Lowry, Criminal District Attorney, 101 North Trinity, Suite 200, Decatur, Texas 76234.

/s/*Robert L. Sirianni, Jr.*_____
ROBERT SIRIANN, JR., ESQ

11



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00237-CR

SHAUN RAY MULLINAX                                      APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17033

----------

## MEMORANDUM OPINION[1]

----------

After hearing evidence that Appellant Shaun Ray Mullinax had punched his twelve-year-old son Z.M. in the arm and the head with a fist and had left bruises on Z.M.'s arm and a bump on his head, the jury found Mullinax guilty of the offense of bodily injury to a child fourteen years of age or younger, found the enhancement paragraph to be true, and assessed his punishment at two years'

----------

[1]See Tex. R. App. P. 47.4.

11

confinement. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2014). The trial court sentenced Mullinax accordingly. In two issues, Mullinax argues that the trial court erred by permitting the State to rely on allegedly inadmissible, highly-prejudicial prior bad-acts evidence in securing his conviction and complains of a portion of the State's closing argument presented in final rebuttal.

The record reflects—and Mullinax expressly concedes in his brief—that he lodged no objection at trial to either the introduction of the bad-acts evidence or to the portion of the State's argument he complains of on appeal. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); *see also* Tex. R. Evid. 103(a)(1) (stating that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and a timely objection or motion to strike appears of record, stating the specific ground of the objection). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "Except for complaints involving systemic (or absolute)

2

12

requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez*, 138 S.W.3d at 342. Because Mullinax lodged no objections to the admission of the evidence or to the closing argument he complains of on appeal, he forfeited both of these complaints. *See* Tex. R. App. P. 33.1(a); *Turner v. State*, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002) (recognizing rule 33.1(a)'s preservation requirements apply to closing arguments), *cert. denied*, 538 U.S. 965 (2003); *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *see also Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004).

Mullinax, however, argues throughout his first and second issues that the cumulative effect of the errors in admitting the prior bad-acts evidence, coupled with the State's erroneous jury argument, deprived Mullinax of his constitutional right to due process and a fair and impartial trial and that error preservation is unnecessary when there is "serious and continuing prosecutorial misconduct." A due-process, fair-trial objection is required, however, to preserve a complaint on appeal that the prosecutor engaged in serious and continuing prosecutorial misconduct so as to effectively deprive a defendant of due process or a fair trial. *See Clark v. State*, 365 S.W.3d 333, 339–40 (Tex. Crim. App. 2012). This is because an appellant should not be able to "bootstrap a constitutional issue from the most innocuous trial objection" and because "the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Id.* at 340. Consequently,

3

13

in *Clark*, the court of criminal appeals held that the defendant's badgering, sidebar, argumentative, invading the province of the jury, and mischaracterization objections were not so clearly connected to constitutional protections that they could be assumed to be due-process objections. *Id.* Finally, neither the prosecutors' use of unobjected-to evidence that Mullinax characterizes as bad-acts evidence nor the State's unobjected-to closing argument in final rebuttal rise to the level of fundamental error. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S. Ct. 1246, 1264–65 (1991) (fundamental error occurs when certain constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to self-representation at trial, or the right to a public trial). We hold that because Mullinax lodged no objections comporting with the complaints he raises on appeal, he forfeited those complaints; we also hold that the complaints made by Mullinax on appeal do not show fundamental error.

We overrule both of Mullinax's two issues, and we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

4

14

DELIVERED: May 28, 2015



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00237-CR

| | | |
|---|---|---|
| Shaun Ray Mullinax | § | From the 271st District Court |
| | § | of Wise County (CR17033) |
| v. | § | May 28, 2015 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By ___/s/ Sue Walker_____
Justice Sue Walker

16